**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| DEVIN WRIGHT, | * |
| Plaintiff, | * |
| v. | Case No.: GJH-17-3012 |
| | * |
| CHRISTOPHER A. MOHLER, | |
| | * |
| Defendant. | |
| | * |

**MEMORANDUM OPINION**

In this personal injury dispute, Plaintiff Devin Wright, a resident of Maryland, alleges that Defendant Christopher A. Mohler, a resident of Ohio, was negligent when the parties were involved in a car accident on the morning of December 14, 2015. Plaintiff seeks greater than $75,000 in damages. Defendant filed a Motion for Summary Judgment. ECF No. 29. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow, Defendant's Motion for Summary Judgment, ECF No. 59, is granted in part and denied in part.

**I.  BACKGROUND**

During the late evening of December 3, 2015 and the early morning hours of the following day, Plaintiff and three of his friends were drinking alcohol and smoking cannabis while celebrating a birthday. ECF No. 29-2 at 10.[1] Plaintiff decided to drive the four of them to one of the friends' homes to continue the celebration. *Id*. Along the way, Plaintiff hit a curb while making a turn from St. Patrick's Drive onto Billingsley Road and the vehicle became disabled, coming to a rest on Billingsley Road and "mostly or fully" blocking the right lane and

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

partially blocking the left lane. *Id*; ECF No. 29-5 at 15. Plaintiff exited the car and remained standing in the road to assess the damage. ECF No. 30-5 at 3.

Defendant was driving his vehicle down Billingsley Road and, by his own words, did not notice the disabled vehicle until he exited the intersection of St. Patrick's Drive and Billingsley Road, approximately 20-30 feet from the vehicle. ECF No. 29-5 at 10, 14. Defendant attempted to evade Plaintiff's car by switching into the left lane but was unsuccessful in doing so because the disabled vehicle partially blocked the left lane. *Id*. at 10. Defendant's car hit both Plaintiff and his car, causing severe injuries. ECF No. 29-8 at 3. The parties dispute whether the disabled vehicle's lights were illuminated at the time of the collision. *Compare* ECF No. 29-4 ¶ 9 (Defendant affidavit stating the lights were not illuminated) *with* ECF No. 30-4 at 9 (photo taken after the accident depicting the headlight switch set to "on"). Plaintiff was taken to Prince George's Hospital Center for medical treatment, where his blood alcohol concentration was measured at .11 grams of alcohol per 100 milliliters of blood. ECF No. 29-6 at 7; 29-7 at 2.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, summary judgment is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The burden is on the moving party to demonstrate that there exists no genuine dispute of material fact. *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). To defeat the motion, the nonmoving party must submit evidence showing facts sufficient for a fair-minded jury to reasonably return a verdict for that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Under Fed. R. Civ. P. 56, a party must set forth admissible facts to be considered in support of or opposition

to a motion for summary judgment. *See Williams v. Silver Spring Volunteer Fire Dep't*, 86 F. Supp. 398, 407 (D. Md. 2015).

## III. DISCUSSION

To establish a claim for negligence in Maryland, a plaintiff must prove "a duty owed to the plaintiff," "a breach of that duty; a causal relationship between the breach and the harm; and damages suffered." *Walpert, Smullian * Blumental, P.A. v. Katz*, 361 Md. 645, 655 (Md. 2000). Of these requirements, Defendant's Motion for Summary Judgment contends only that Plaintiff cannot establish that Defendant breached any duty of care to Plaintiff. ECF No. 29-1 at 11.

A driver has a duty to use ordinary care in the operation of a motor vehicle, which includes the duty to "both 'observe carefully the road in front of them' and 'be reasonably aware of what is occurring along the sides of a street or highway.'" *Ayala v. Lee*, 215 Md. App. 457, 469 (Md. Ct. Spec. App. 2013) (quoting *Morris v. Williams*, 258 Md. 625, 628 (Md. 1970)). A defendant's "failure to see the plaintiff does not relieve him of responsibility . . . [w]hen weather conditions or darkness are such as to interfere with or shade the view of the road, it only serves to increase the degree of care required of a driver." *Vizzini v. Dopkin*, 176 Md. 639, 643 (Md. 1939).

Defendant failed to see Plaintiff's vehicle until he was 20-30 feet away, which did not leave him enough time to avoid a collision. "Whether there is sufficient proof of a breach of duty is generally 'a question of fact to be decided by the fact-finder,'" and this case is no exception. *Lloyd v. Frontera Produce, Ltd.*, No. WDQ-13-2232, 2014 WL 4825641, at *10 (D. Md. 2014) (quoting *Valentine v. On Target, Inc.*, 353 Md. 544, 550 (Md. 1999)). Though the sun had not yet risen, it is for a finder of fact to determine whether the lighting conditions on the road were such that, had he been exercising ordinary care, Defendant would have seen Plaintiff's vehicle

from further than 20-30 feet away. Notably, the parties dispute whether Plaintiff's headlights were on, a material fact that could clarify whether Defendant should have seen the vehicle sooner. Therefore, the Court does not find that "it is clear from the uncontracted evidence in the case that there is no rational ground upon which" a finder of fact could determine that Defendant was not negligent in striking Plaintiff's vehicle. *Domeski v. Atl. Refining Co.*, 202 Md. 562, 566 (Md. 1953).

Defendant contends that a series of cases support his argument that, as a matter of law, Plaintiff cannot establish the breach of a duty. Defendant rightly notes that "negligence is not presumed from the mere happening of a motor vehicle collision." *Brehm v. Lorenz*, 206 Md. 500, 508 (1955); *see also Cabrera v. W. Express, Inc.*, No. SAG-12-cv-0041, 2012 WL 4105684, at *2-3 (D. Md. 2012). But both *Brehm* and *Cabrera* discussed car accidents in which there was no evidence whatsoever in support of the plaintiffs' claims of negligence. Here, Defendant's own testimony that he did not see the disabled vehicle until he was 20-30 feet away could lead a reasonable finder of fact to conclude that he did not keep a proper lookout, especially if the finder of fact concludes that the disabled vehicle's headlights were on.

However, the State of Maryland has adopted the doctrine of contributory negligence, in which "a plaintiff who fails to exercise ordinary care for his or her own safety, and thus contributes proximately to his or her injury, 'is barred from all recovery, regardless of the quantum of a defendant's primary negligence.'" *Coleman v. Soccer Ass'n of Columbia*, 432 Md. 679, 696 (Md. 2013) (Harrel, J., dissenting) (quoting *Harrison v. Montgomery Cty. Bd. of Ed.*, 295 Md. 442, 451 (Md. 1983)). "The burden of proving contributory negligence rests on the defendant." *Woolridge v. Abrishami*, 233 Md. App. 278, 302 (Md. Ct. Spec. App. 2017).

Courts have consistently held that a pedestrian who crosses a roadway who "fails to look for approaching motor vehicles, or, if having looked . . . fails to see such a vehicle and so fails to guard against being struck by it" is guilty of contributory negligence. *See, e.g., Love v. State*, 217 Md. 290, 297 (Md. 1958). Even while walking in a cross-walk, where a pedestrian has the right-of-way over on-coming traffic, a pedestrian has a duty to "use his eyes, and thus protect himself from danger." *Merrifield v. C. Hoffberger Co.*, 147 Md. 134, 142 (Md. 1925). The same rule must apply to a pedestrian who chooses, for no apparently urgent reason, to remain in a roadway while inspecting a car after an accident. *See Domeski*, 202 Md. at 566-67 ("[A] pedestrian must use such caution for his own safety as a person of ordinary prudence would exercise under similar circumstances . . . where a pedestrian sees an approaching automobile, and the traffic lane is so narrow that either he or the automobile must move outside of it in order that the automobile may pass, he ought to allow the car to proceed.") And though, just as in a case of ordinary negligence, the question of breach in a contributory negligence is generally a question for the jury, *see Merrifield*, 147 Md. at 142, courts have consistently found pedestrians contributorily negligent as a matter of law where the material facts are not in dispute, *see Domeski*, 202 Md. at 567-68.

For example, in *Domeski* the plaintiff attempted to walk his motorcycle across the road to see if it had been damaged after hitting a hole in the road. *Id*. at 565. He looked to the north, saw no cars, and began to cross; only when he got to the center of the road did he look to the south, at which point it was too late to see a truck that was only about 25 feet away. *Id*. The truck hit the motorcycle, throwing it over the plaintiff. *Id*. at 566. The Court, noting that nothing should have kept the plaintiff from seeing the truck coming, held that the plaintiff was guilty of contributory negligence as a matter of law. *Id*. at 567-68.

The same is true here. Once Plaintiff realized his car was disabled, a person exercising ordinary care would have either left the roadway all together or, if he chose to survey the damage to his vehicle, kept vigilant watch for oncoming cars—especially in the dark. It is undisputed that Defendant's car was traveling at a reasonable speed, and his headlights were turned on. Therefore, Plaintiff was contributorily negligent as a matter of law and is barred from recovery for his personal injuries.

Plaintiff's negligence in personally remaining in the roadway may have caused his personal injuries, but it did not cause the damage to his car; had Plaintiff left the roadway, his car would still have been struck by Defendant. Therefore, the Court must determine whether Plaintiff's negligence in driving under the influence of alcohol was the proximate cause of the accident, and thus constitutes contributory negligence as a matter of law. *See Rosenthal v. Mueller*, 124 Md. App. 170, 173-74 (Md. Ct. Spec. App. 1998) (for negligence to be contributory, it must be a proximate cause of the accident). To constitute proximate cause, "the negligence must be 1) a cause in fact, and 2) a legally cognizable cause." *Pittway Corp. v. Collins*, 409 Md. 218, 243 (Md. 2009).

In Maryland, causation-in-fact is determined by the "but for" test where only one negligent act is at issue, and the "substantial factor" test when two or more independent negligent acts bring about an injury. *Id.* at 244. Here, two potentially negligent acts are at issue: Plaintiff's driving under the influence of alcohol, causing him to hit the curb and leave his vehicle disabled, and Defendant's failure to keep a proper lookout, causing him to strike Plaintiff's vehicle. Therefore, the substantial factor test governs.

Under the substantial factor test, causation-in-fact is found if it is "'more likely than not' that the defendant's conduct was a substantial factor in producing the plaintiff's injuries." *Id*. To make this determination, courts should consider:

> (a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
> (b) whether the actor's conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces of which the actor is not responsible;
> (c) lapse of time

*Id*. at 245 (quoting Restatement (Second) of Torts § 433). Whether an act is a substantial factor in causing a particular result is normally considered a question of fact, though the answer may be so clear as to be determinable as a question of law. *See Belle Isle Cab Co. v. Pruitt*, 187 Md. 174, 183 (Md. 1946).

The Court has identified no case in which a court has held, as a matter of law, that a plaintiff driving while under the influence was not only a substantial factor in producing the initial accident (hitting the curb), but also a later accident that took place after the car was stationary. Given that the initial accident was a distinct event that was not in continuous and active operation at the time of the second accident, the Court cannot find, as a matter of law, that Plaintiff was contributorily negligent as to the damages to his car. Thus, the Court denies Defendant's Motion for Summary Judgment only as to the damages to Plaintiff's vehicle.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment, ECF No. 29, is granted in part and denied in part. A separate Order shall issue.

Dated: August 14, 2019

/s/_____
GEORGE J. HAZEL
United States District Judge